IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| PATRICIA ANN RAGSDALE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:13-CV-154-BL |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Patricia Ragsdale seeks judicial review of the Commissioner of Social Security's decision, which denied her application for supplemental security income (SSI) under Title XVI of the Social Security Act (Act). All parties consented to the jurisdiction of the United States Magistrate Judge, (Docs. 13, 14), and the U.S. District Judge ordered the case be reassigned to this court.

After considering all the pleadings, briefs, and administrative record, this court affirms the Commissioner's decision and dismisses Plaintiff's complaint.

**I. STATEMENT OF THE CASE**

Plaintiff filed for SSI on March 11, 2011. Her application was denied initially and upon reconsideration, and a hearing by an Administrative Law Judge (ALJ) was conducted on August 23, 2012. On October 24, 2012, the ALJ determined that Plaintiff was not disabled under the Act.

Specifically, the ALJ held that Plaintiff: had not engaged in any substantial gainful activity since her alleged onset date; had severe arthritis of the right hip and diabetes mellitus,

which did not meet or medically equal an Appendix 1 listing (20 C.F.R. 404.1520(d), 404.1525, and 404.1526); and had the residual functional capacity (RFC) to perform light work with several limitations. Tr. 9–13. The ALJ finally held that Plaintiff retained the RFC to perform her past relevant work and Plaintiff was, thus, not disabled under the Act. Tr. 12–13.

The Appeals Council denied review on October 31, 2013. Tr. 1–3. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review").

## II. STANDARD OF REVIEW

A person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382c(a)(3)(A), 423(d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)–(b) (2013).

To evaluate a disability claim, the Commissioner follows "a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing she is disabled through the first four

steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

This court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson*, 309 F.3d at 272; *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "'[c]onflicts in the evidence are for the Commissioner and not the courts to resolve.'" *Id.* (quoting *Newton*, 209 F.3d at 452).

### III. DISCUSSION

Plaintiff raises a single issue on appeal. She claims substantial evidence does not support the ALJ's RFC finding.

## A. LAW

As noted, substantial evidence is more than a scintilla, less than a preponderance, *Masterson*, 309 F.3d at 272; *Watson*, 288 F.3d at 215, and "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (internal quotation marks omitted) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990).

A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the ALJ's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). "To make a finding of no substantial evidence, [a court] must conclude that there is a conspicuous absence of credible choices or no contrary medical evidence." *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983) (internal quotation marks omitted). It is the Commissioner, not the courts, who weighs the evidence and resolves conflicts in the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez*, 64 F.3d at 174.

The court will "weigh four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [the claimant's] age, education, and work history." *Martinez*, 64 F.3d at 174.

## B. APPLICATION

### 1. Age, Education, and Work History

Plaintiff was fifty-two years old when the hearing was held. She has a tenth grade education and a GED, and an ability to communicate in English. Plaintiff previously worked as an automotive greeter at Wal-Mart and a tile grader. Both occupations are considered light work.

### 2. Subjective Evidence

Plaintiff testified that she can only sit for an hour or two before she has to lay down in certain positions to relieve the pain in her hip and back; that she can only stand for five to ten minutes without something to hold, and fifteen to twenty with something to hold; and that she can walk less than a block without rest. Tr. 28–30. She claimed she is in constant pain, merely able to handle it better at times with the help of over the counter pain medication. *Id.* at 29.

Plaintiff grocery shops once a month when food stamps arrive; her husband or children grocery shop on other occasions. She can cook "short and fast" meals. Tr. 31. On her computer, Plaintiff keeps up with her family through Facebook, sends emails, and plays games. Tr. 26.

### 3. Objective Medical Facts

It is undisputed that P suffers from hip and back problems. The extent to which her hip and back problems affect her ability to work is disputed.

### 4. Physicians' Opinions

Gary Evans, M.D., performed a consultative exam on Plaintiff on June 27, 2011. Tr. 277–84. Regarding Plaintiff's hip and back specifically, Dr. Evans noted that at the exam, Plaintiff walked with a definite limp and obvious pain in her right hip, and could bend at the waist approximately 75 degrees before she encountered pain. Tr. 279. Dr. Evans diagnosed Plaintiff with chronic low back pain and right hip pain, and arthritis (possibly a mixture of rheumatoid and degenerative). Tr. 280. Dr. Evans did not state an opinion of how these impairments affected Plaintiff's ability to work.

On August 5, 2011, Randal Reid, M.D., conducted a physical RFC assessment to determine to what extent Plaintiff's impairments impacted her ability to work. Tr. 285–92. Dr. Reid noted Plaintiff's right side limp and 75 degree waist bend limitation. Tr. 292. In pertinent

part, Dr. Reid stated that Plaintiff could stand and/or walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday, consistent with light work. Tr. 286; *see id.* at 12. Dr. Reid also gave postural limitations, including only occasional stooping, kneeling, crouching, and crawling. Tr. 286. Dr. Reid opined that Plaintiff's "alleged limitations are partially supported by medical evidence." Tr. 290. On November 15, 2011, state agency physician John Durfor, M.D., performed a medical evaluation/case analysis and affirmed all Dr. Reid's conclusions. Tr. 315.

The ALJ's RFC finding directly incorporated the findings of Dr. Reid and Dr. Evans. For example, the ALJ discussed Dr. Evans's observation that Plaintiff walked with a limp and had pain in her hip and back. Tr. 11. Additionally, the ALJ's RFC finding mirrored Dr. Reid's observations, including Plaintiff's ability to do light work with several postural limitations. Tr. 12, 285–92.

Here, there is no "conspicuous absence of credible choices." *Dellolio*, 705 F.2d at 125. It is not the case that there are "no credible evidentiary choices or medical findings . . . to support the ALJ's decision," *Johnson*, 864 F.2d at 343–44. Dr. Reid's assessment of Plaintiff's RFC constitutes a "credible medical finding" to support the ALJ's decision. *Id.* Dr. Reid is the only medical evidence on record of a physical RFC finding by a physician. There are no contrary RFC findings.

Dr. Reid's RFC assessment is "adequate to support a conclusion" that Plaintiff retained the RFC to perform her past relevant work. *See Martinez*, 64 F.3d at 173. Accordingly, substantial evidence supports the ALJ's determination that Plaintiff retained the RFC to perform her past relevant work. As such, the Commissioner's decision must stand. 42 U.S.C. § 405(g); *Richardson*, 402 U.S. at 390 (1971); *Newton*, 209 F.3d at 452.

## IV. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is **AFFIRMED** and Green's complaint is **DISMISSED** with prejudice. Any appeal shall be to the Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 636(c)(3).

**SO ORDERED.**

Dated this 17th day of February, 2015.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**